# FOWLER *v.* QUIGLEY.

---

MUNICIPAL COURT; APPEAL AND ERROR; UNDERTAKING.

Under rule 20 of the rules of practice before justices of the peace (now the municipal court), providing that two clear days' notice shall be given the opposite party on filing an undertaking on an appeal from a judgment of the municipal court, and under secs. 30 and 31, D. C. Code [31 Stat. at L. 1194, chap. 854], requiring such appeals to be brought within six days after entry of judgment, and that the undertaking on such appeals shall be given within six days, exclusive of Sundays and legal holidays after entry of judgment,—it was *held* by this court that an appeal was properly perfected where judgment was rendered by the municipal court July 29, and an appeal was entered, an undertaking filed, and the notice given Thursday, August 4th, and the undertaking was approved by that court Monday, August 8th; and that it was error for the supreme court of the District of Columbia to dismiss such an appeal on motion of the appellee. (Citing *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440, and *Schrot* v. *Schoenfeld,* 23 App. D. C. 421.)

No. 2316.    Submitted December 7, 1911.    Decided January 2, 1912.    Motion for a rehearing January 3, 1912.    Decided February 5, 1912.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia dismissing an appeal from a judgment of the Municipal Court.    *Reversed.*

The facts are stated in the opinions.

*Mr. William J. Neale* for the appellant.

*Mr. James A. Toomey* and *Mr. Vincent L. Toomey* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

By this appeal appellant, Charles D. Fowler, seeks a reversal of a judgment in the supreme court of the District, dismissing his appeal from a judgment in the municipal court.

The material facts are these: Judgment was entered in the municipal court on July 29, 1910. On August 4th an appeal was entered by the defendant, the appellant here, and on the same day, which was within six days from the rendition of the judgment, an undertaking answering the requirements of the statute was filed with the clerk of the municipal court. On the same day written notice was given opposing counsel to appear before said court on August 8th, at which time appellant would move the approval of said undertaking. The undertaking was not called to the attention of the municipal court until the day named in said notice, at which time appellee moved the dismissal of the appeal. This motion was overruled, the undertaking approved under that date, and an appeal allowed.

Under the provisions of section 8 of the Code the supreme court of the District is empowered to make rules "regulating the practice and pleading before justices of the peace, and in relation to appeals from their judgments, not inconsistent with law." Under rule 7 of the supreme court, approval of an appeal bond or undertaking may not be made "except upon two days' notice in writing, to the opposite party in interest or his attorney, of the application therefor or the written waiver of such notice, and without such notice or waiver such approval shall not be operative."

Under section 30 of the Code [30 Stat. at L. 1194, chap. 854], appeals from judgments in the municipal court must "be prayed within six days after the entering of the judgment." Under section 31, the undertaking in support of the appeal

"must be given within six days, exclusive of Sundays and legal holidays, after the entry of judgment."

In *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440, involving an appeal to this court, a bond was filed in the clerk's office of the District supreme court within time, and notice given opposing counsel that the bond would be submitted to the court or judge for approval upon a day named, which was beyond the time fixed by the rules of this court for perfecting the appeal. It was held that the right of appeal had been lost. The court suggested that if the bond had been filed and submitted to the judge for approval within the time allowed for an appeal, and the judge had taken the question of its approval under consideration, his ultimate approval would have related back to the date of the filing of the bond. In *Schrot* v. *Schoenfeld,* 23 App. D. C. 421, involving an appeal from a justice of the peace court, no proper undertaking had been filed in that court, and hence it was ruled that there had not been a compliance with said sections 30 and 31 of the Code.

The present case involves a somewhat different question than was involved in either of the two cases above cited, for the reason that under the rule of the supreme court, to which reference has been made, it was incumbent upon appellant to give two days' notice to the opposite party of the application for approval of the undertaking. This rule does not relieve the appealing party of any burden cast upon him by the statute. He must file a good undertaking within the statutory period of six days. The requirement of notice to the opposite party is not in the interest of appellant, but in the interest of that party. There is nothing in this requirement inconsistent with the statute. The requirement is rather in aid of the statute. If this rule did not exist the court, in almost all cases where undertakings were filed on the last day allowed by law, would undoubtedly require notice to be given the opposite party before approving the undertaking, owing to the character thereof. Under the rule announced in the *Mulvihill Case,* such a practice would not be inconsistent with the statute. Rule 7 of the supreme court makes it incumbent upon counsel to do what the municipal court otherwise

might require to be done.   But this rule does not, as suggested by counsel for appellee, authorize unlimited notice.   If it did, it would be inconsistent with the above provisions of the Code, and of no effect.   If the expiration of the notice falls within the six days allowed for the filing of the undertaking, whether notice be two days or more is not material.   It becomes material, however, if the expiration of the notice falls outside of that period.   In one case the undertaking is brought to the attention of the court within the period allowed for filing; in the other, it is not.

In the present case the undertaking was not brought to the attention of the court within the six days allowed for filing. Had two days' notice only been given the opposite party, this fact would have made no difference, since it would have been a futile thing to have asked the court to do what it was expressly prohibited from doing by rule 7.   In such a case the appealing party would be acting in strict compliance with the statute and the rule.   His undertaking would be filed in the sense of being of record, and the two days' delay would enable the opposite party to investigate the sufficiency of that undertaking.   In the present case the undertaking was filed on August 4th.   Two days' notice, computed in accordance with rule 8 of the supreme court, would have made the application returnable on August 6th, instead of August 8th, the date mentioned in appellant's notice.   His notice, therefore, was not in accordance with rule 7.   Under rule 7 this undertaking should have been brought to the attention of the court on August 6th, at the latest.   By delaying until the 8th, the right of appeal was lost.

It may be suggested that this view permits a party who neglects to file his appeal undertaking until the last day allowed by the statute, to delay the approval of that undertaking a day longer than one who files on the fifth day.   But in the case of one filing on the sixth day, the rule sanctions the delay; in the present case it does not.   Having filed his undertaking on the fifth day, it was incumbent upon appellant strictly to comply with the rule, to the end that his undertaking could be approved and the papers in the case filed in the higher court with the

least possible delay after the expiration of the period within which the undertaking was required to be filed.

Judgment affirmed, with costs. *Affirmed.*

On January 3, 1912, the appellant filed a petition for a rehearing.

On February 5, 1912, Mr. Justice Robb delivered the opinion of the Court upon the petition:

This is an application by appellant, Fowler, for a rehearing, the ground of the application being that rule 20 of the "Rules of Practice before Justices of the Peace," promulgated by the supreme court of the District June 23, 1903, and not rule 7 of the rules of said supreme court, prescribes the notice to be given the opposite party prior to the approval of the appealing party's undertaking.

Under said rule 20 two *clear* days' notice is required, whereas under rule 7 of said supreme court rules, as pointed out in the opinion, two days' notice only is required. If appellant is correct in his present contention the judgment, for the reasons advanced in the opinion, should have been reversed, as the undertaking was filed on Thursday and returnable the following Monday, the intervening Sunday not being counted.

In appellant's original brief he expressly stated: "Rule 7 of the law rules of the supreme court of the District, which govern the practice in the municipal court, provides that no bond or undertaking shall be approved except upon two days' notice in writing to the opposite party," etc. The application of this rule to the case was not disputed by appellee. Said rule 20, therefore, escaped the observation of the court.

Under rule 105 of the Rules of 1898 of the supreme court of the District, applicable to the approval of bonds and undertakings in that court, two *clear* days' notice to the opposite party was provided. Rule 95 of those rules made rule 105 applicable to the approval of appeal undertakings by justices of the peace. Rule 105 became rule 7 of the present rules of the supreme

court, with the modification that two days' notice, instead of two clear days' notice, should be required. But the supreme court, in 1903, promulgated rules of practice before justices of the peace. The new rules of the supreme court in no wise superseded or modified rule 20 of said Rules of 1903. That rule is therefore still in force, and necessarily governed the procedure in the present case.

A rehearing is unnecessary. The judgment must be reversed, with costs, and the cause remanded for further proceedings. *Reversed and remanded.*